IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00314-RM-BNB

DINA ABDULINA, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

EBERL'S TEMPORARY SERVICES, INC., a Colorado corporation,

    Defendant

## STIPULATED PROTECTIVE ORDER

Upon the stipulation of the parties, a showing of good cause in support for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case,

**IT IS ORDERED:**

1.    Application of Protective Order.  This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, other than public records.

2.    Definition of Document.  As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.    Confidential Information.  A party may designate as "Confidential Information" any

information that it in good faith reasonably believes contains or reflects trade secrets or other confidential research, development, or commercial information. Documents stamped "Confidential Information" or with an equivalent statement shall not be disclosed or used for any purpose except the preparation and trial of this case. Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses; and

    (h)    other persons by written agreement of the parties.

4.    Access to and Use of Attorneys' Eyes Only Information. A party may designate as "Attorneys' Eyes Only" any information that it in good faith reasonably believes contains "Confidential Information" of a particularly sensitive nature, such that disclosure to anyone but the below persons would create a substantial risk of injury that cannot be avoided by less restrictive

means. It is the intent of the parties that the "Attorneys' Eyes Only" designation will be minimally used and an effort will be made to limit its use. Documents containing "Attorneys' Eyes Only" information will be stamped "ATTORNEYS' EYES ONLY" or with a similar legend. Except as required in the conduct of proceedings in this action, "Attorneys' Eyes Only" information will not be disclosed to any person other than those referenced above in Paragraph 3(a), (b), (d), (e), (f) & (h).  Documents and information so designated will be used only for the purpose of preparing and conducting this litigation and will not be used by or on behalf of any party or person to whom it is disclosed for any other purpose.

Each party's counsel shall maintain a log of all copies of Attorneys' Eyes Only Information Documents which are delivered to any one or more qualified person set forth in Paragraph 3(a), (b), (d), (e), (f) & (h) above. Counsel shall retain all original executed Acknowledgments for their respective party. Non-testifying experts or consultants do not need to be disclosed to the other party under this section provided that they meet the qualifications set forth in this section.

5. Prior to disclosing any Confidential or Attorneys' Only Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Use of Confidential Information in Deposition.  Whenever a deposition involves the disclosure of Confidential or Attorneys' Eyes Only Information, the deposition or portions thereof

shall be designated as such and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential or Attorneys' Eyes Only after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. Filing Confidential Information with the Court. **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~If a party wishes to file with the Court a pleading, motion, memorandum, brief, deposition transcript, discovery request or response, exhibit or other document that produces, paraphrases, summarizes, or otherwise contains any Confidential or Attorneys' Eyes Only Information, the party filing the materials shall comply with the requirements of D.C.Colo.LCivR 5.6 Electronic Case Filing as well as any other requirements outlined in the "Electronic Case Filing Procedures for the District of Colorado (Civil Cases)" for filing materials under seal. If a party wishes to file any document under seal, such party shall additionally comply with the requirements of D.C.Colo.LCivR 7.2 and 7.3.~~

8. Objection to Designation of Information as Confidential. **A party may object to the designation of particular Confidential or Attorneys' Eyes Only Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential or Attorneys' Eyes Only Information to file an appropriate motion requesting that the court determine**

**whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential or Attorneys' Eyes Only Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Attorneys' Eyes Only Information and shall not thereafter be treated as Confidential or Attorneys' Eyes Only Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential or Attorneys' Eyes Only Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or Attorneys' Eyes Only Information.** ~~A party may object to the designation of particular Confidential or Attorneys' Eyes Only Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential or Attorneys' Eyes Only to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential or Attorneys' Eyes Only under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Attorneys' Eyes Only and shall not thereafter be treated as Confidential or Attorneys' Eyes Only in accordance with~~

~~this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential or Attorneys' Eyes Only shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.~~

9. Inadvertent Disclosure of Confidential Information.  In the event that a party discovers it has inadvertently disclosed Confidential or Attorneys' Eyes Only Information to anyone who is not authorized to receive such information pursuant to paragraph 4, the disclosing party will:

(a) Immediately notify the other party, identify the person to whom the disclosure was made, and describe the specific information that was disclosed by production number or otherwise; and

(b) Immediately attempt to recover the Confidential or Attorneys' Eyes Only Information from the person to whom the disclosure was made, including all copies of any documents or things containing or disclosing such information.

10. Inadvertent Disclosure of Otherwise Privileged or Protected Information. Inadvertent production of discovery material will not itself be deemed to waive any claim of confidentiality and/or attorney-client or attorney work-product privilege that might exist with respect to such discovery material, or other documents or communications, written or oral.

(a) In the event that a party discovers that it has inadvertently produced Confidential or Attorneys' Eyes Only Information that lacks the proper designation:

(1) The disclosing party will immediately notify in writing the receiving party and describe the specific information that was disclosed by production number or otherwise;

6

(2) The receiving party will within five business days return the identified information to the disclosing party; and

(3) The disclosing party will return the properly designated information to the receiving party within five business days.

(b) In the event that a party discovers that it has inadvertently produced privileged information of any kind:

(1) The disclosing party will immediately notify in writing the receiving party and describe the specific information that was disclosed by production number or otherwise: and

(2) The receiving party will within five business days return the identified information and not use the information for any purpose.

Nothing in this protective order will limit the right of a party to challenge a claim of confidentiality or privilege as to any inadvertently produced information.

~~11. Use of Any Information is Limited to this Lawsuit. The parties agree that any information, including information without a Confidential or Attorneys' Eyes Only designation, produced in this lawsuit pursuant to disclosure or discovery rules of the Federal Rules of Civil Procedure Documents shall not be disclosed or used for any purpose except the preparation and trial of this case.~~

12. Application to Third Parties. By agreement of the parties, the terms of this Stipulated Protective Order shall apply not only to the parties themselves, but also to any non-party or third party from which any depositions or discovery are obtained.

13. Conclusion of Case. No later than thirty days after the conclusion of this case, and

on written request from the disclosing party, counsel for each party shall return all documents that have been marked "Confidential Information" or "Attorneys' Eyes Only" to the person from whom they were obtained, or arrange for their destruction. Where the parties agree to destroy Confidential or Attorneys' Eyes Only Information, the destroying party shall provide all parties with a Declaration confirming the destruction.

Dated August 5, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

The undersigned hereby stipulate to the above Order to be entered by the Court.

Dated:  July 30, 2014

| | |
|---|---|
| */s/ Charles L. Scalise*_____ | */s/ John D. Martin*_____ |
| Charles L. Scalise | John D. Martin |
| ROSS LAW GROUP | MARTIN & HYMAN, LLC |
| 1104 San Antonio Street | 1125 17th Street |
| Austin, Texas  78701 | Suite 2100 |
| charles@rosslawgroup.com | Denver, CO 80202 |
| | jmartin@martinhyman.com |
| Brian D. Gonzales | |
| THE LAW OFFICES OF BRIAN D. | Jennifer L. Anderson |
|  GONZALES, PLLC | JONES WALKER LLP |
| 123 North College Ave., Ste 200 | 8555 United Plaza Blvd |
| Fort Collins, Colorado 80524 | Baton Rouge, LA 70809 |
| BGonzales@ColoradoWageLaw.com | janderson@joneswalker.com |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

## ATTACHMENT A
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, state: I reside at

_____.

__ I am an employee of _____.

__ I am engaged as _____ on behalf of

_____.

I have read the Protective Order in the litigation between Dina Abdulina, et al., and Eberl's Temporary Services, Inc., in the United States District Court for the District of Colorado, Civil Action No. 1:14-cv-00314-RM-BNB.

I am fully familiar with the Protective Order and agree to comply with and be bound by the provisions of said order. I understand that I am to retain all copies of any information designated Confidential or Attorneys' Eyes Only Information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any Confidential or Attorneys' Eyes Only Information are to be returned to counsel who provided me with such material.

I will not divulge to persons other than those specifically authorized by said order, and will not copy or use except solely for the purposes of this litigation, any information obtained pursuant to said order, except as provided in said order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said order.

I state under penalty or perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2014.

_____