**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14–cv–00314–RM–BNB

DINA ABDULINA, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

EBERL'S TEMPORARY SERVICES, INC., a Colorado corporation,

    Defendant.

---

## ORDER

---

    This matter is before the Court on Defendant Eberl's Temporary Services, Inc.'s ("ETS")

    (1)    motion to dismiss Plaintiff Dina Abdulina's complaint, or, in the alternative for a more definite statement (ECF No. 15);

    (2)    motion to dismiss Plaintiff's Colorado Wage Claim Act and Breach of Contract claims in the First Amended Class Action Complaint (ECF No. 19); and

    (3)    unopposed motion for leave to provide supplemental authority in support of its motion to dismiss Plaintiff's Colorado Wage Claim Act and Breach of Contract claims in the First Amended Class Action Complaint (ECF No. 55).

    For the reasons stated below, the Court:

    (1)    DENIES as MOOT Defendant's motion to dismiss Plaintiff's complaint (ECF No. 15);

(2) GRANTS Defendant's motion to dismiss Plaintiff's Colorado Wage Claim Act and Breach of Contract claims in the First Amended Class Action Complaint (ECF No. 19); and

(3) GRANTS Defendant's motion for leave to provide supplemental authority in support of its motion to dismiss Plaintiff's Colorado Wage Claim Act and Breach of Contract claims in the First Amended Class Action Complaint (ECF No. 55).

## I. BACKGROUND

### A. Procedural Background

On February 4, 2014, Plaintiff filed her original complaint ("Complaint") on behalf of herself and other allegedly similarly situated individuals seeking back pay and other damages allegedly owed under the (1) Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, (2) Colorado Wage Claim Act ("Wage Claim Act"), Colo. Rev. Stat. § 8-4-101, *et seq.*, and (3) Colorado Minimum Wage Act ("Minimum Wage Act"), Colo. Rev. Stat. § 8-6-101 *et seq*. (ECF No. 1.)

On May 5, 2014, Defendant moved to dismiss Plaintiff's Complaint, or, in the alternative, for a more definite statement. (ECF No. 15.)

On May 20, 2014, Plaintiff filed her First Amended Complaint ("Amended Complaint") on behalf of herself and other allegedly similarly situated individuals. (ECF No. 18 at 1.) Plaintiff's Amended Complaint asserts three claims for relief based upon Defendant's allegedly (1) violating the Wage Claim Act, (2) violating the FLSA, and (3) breaching a contract. (ECF No. 18 ¶¶ 19-32.) Plaintiff alleges that ETS violated the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order. (ECF No. 18 ¶ 1.)

On June 3, 2014, Defendant moved to dismiss, from the Amended Complaint, Plaintiff's Wage Claim Act claim and breach of contract claim. (ECF No. 19.) Plaintiff responded to Defendant's June 3 motion to dismiss. (ECF No. 26.) Plaintiff opposes the relief Defendant seeks with regard to the Wage Claim Act claim. (ECF No. 26 at 1-4.) Plaintiff does not oppose the relief Defendant seeks with regard to the breach of contract claim. (ECF No. 26 at 4.)

On January 20, 2015, Defendant, unopposed, moved for leave to file supplemental authority in support of its motion to dismiss Plaintiff's Colorado Wage Claim Act and Breach of Contract Claims in the Amended Complaint. (ECF No. 55.)

### B. Factual Background

The following facts are taken as true from Plaintiff's Amended Complaint.

ETS contracts with insurance companies to provide supplemental insurance-adjustment services after catastrophic events. (ECF No. 18 ¶ 10.) Subsequent to a catastrophic event, there would be a need for ETS to provide supplemental insurance-adjustment services to insurance companies. (ECF No. 18 ¶¶ 10, 12.)

Plaintiff is a former ETS employee and a resident of the State of Indiana. (ECF No. 18 ¶ 2.) Plaintiff worked for ETS, during 2011 and 2012, in Maryland and Missouri as a rope and harness assistant. (ECF No. 18 ¶¶ 5, 21, 26.) In this position, Plaintiff assisted insurance claims adjusters. (ECF No. 18 ¶ 5.) ETS did not pay Plaintiff properly for all of her hours worked. (ECF No. 18 ¶ 5.) Further, ETS did not pay similarly situated ETS employees to Plaintiff. (ECF No. 18 ¶ 5.) ETS failed to pay overtime pay for hours worked by Plaintiff and other employees in excess of twelve per day and/or forty per week. (ECF No. 18 ¶ 7.)

Plaintiff frequently worked twelve or more hours per day, seven days per week. (ECF No. 18 ¶ 12.) ETS had a standard pay policy for its rope and harness assistants. (ECF No. 18 ¶

12.) ETS paid Plaintiff "$175 per day of which $162 was a non-wage *per diem* reimbursement of expenses." (ECF No. 18 ¶ 12 (italics in original).) Plaintiff "received approximately $13 per day in wages," regardless of how many hours she worked. (ECF No. 18 ¶ 12.) Plaintiff had an employment contract with ETS. (ECF No. 18 ¶ 31.) The contract memorialized this "pay scheme" between ETS and all of its rope and harness assistants. (ECF No. 18 ¶ 12.)

## II.  LEGAL STANDARDS

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A "plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these*

claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted). The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id*. (Internal quotation and citation omitted.) Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id*. (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. . . .'" *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556 U.S. at 678). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

5

### III. ANALYSIS

    **A.  Defendant's Motion to Dismiss the Complaint, or, in the Alternative, for a More Definite Statement (ECF No. 15)**

On May 5, 2014, Defendant filed its motion to dismiss, or, in the alternative, for a more definite statement.  (ECF No. 15.)  On May 20, 2014, Plaintiff filed her Amended Complaint.  (ECF No. 18.)

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  Plaintiff properly amended her pleading within the time constraints.  *See* Fed. R. Civ. P. 15(a)(1)(B).  Thus, the Court DENIES as MOOT Defendant's motion to dismiss the Complaint, or, in the alternative, for a more definite statement (ECF No. 15).

    **B.  Defendant's Motion for Leave to File Supplemental Authority in Support of its Motion to Dismiss Plaintiff's Colorado Wage Claim Act and Breach of Contract Claims in Plaintiff's Amended Complaint (ECF No. 55)**

The Court GRANTS Defendant's unopposed motion for leave to file supplemental authority in support of its motion to dismiss Plaintiff's Colorado Wage Claim Act and Breach of Contract Claims in Plaintiff's Amended Complaint (ECF No. 55).

    **C.  Defendant's Motion to Dismiss Plaintiff's Colorado Wage Claim Act and Breach of Contract Claims in her Amended Complaint (ECF No. 19)**

        1.  <u>Motion to Dismiss the Breach of Contract Claim</u>

Plaintiff alleges Defendant breached her employment contract when it failed to "pay Plaintiff in accordance with state and federal wage and hour laws."  (ECF No. 18 ¶ 31.)

Defendant moves to dismiss Plaintiff's breach of contract claim on the basis that it is duplicative of and preempted by the FLSA. (ECF No. 19 at 8-13.) Plaintiff, in response to Defendant's motion to dismiss her breach of contract claim, withdrew her claim. (ECF No. 26 at 4.)

Plaintiff has essentially abandoned her breach of contract claim by failing to address that claim in response to Defendant's motion to dismiss. *See Stransky v. Cummins Engine Co. Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (holding that "when presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action"); *see also Jackson v. City and Cty. of Den.*, Case No. 11-CV-02293-PAB-KLM, 2012 WL 4355556 at *2 (D. Colo. Sept. 24, 2012) (citation omitted). The Court "will not invent legal arguments for litigants," *Stransky*, 51 F.3d at 1335, and is "not obliged to accept as true legal conclusions or unsupported conclusions of fact," *Iqbal*, 556 U.S. at 678.

The Court is mindful, however, that the FLSA and the Wage Claim Act do not preempt a state law claim compensable pursuant to a contract but not the FLSA or Wage Claim Act. *See Hammond v. Lowe's Home Ctrs., Inc.*, 316 F. Supp. 2d 975, 979 (D. Kan. 2004). Plaintiff, however, fails to allege facts which establish a right to such payment in a contract independent of the FLSA or the Wage Claim Act. (*See generally* ECF No. 18.) And Plaintiff fails to plead facts, as opposed to a naked legal conclusion, that Defendant breached a specific contract term. Thus, Plaintiff's breach of contract claim fails to adhere to *Iqbal's* central holding.

For these reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's breach of contract claim in the Amended Complaint.

2.      Motion to Dismiss the Claim for Violating the Colorado Wage Claim Act[1]

Plaintiff alleges that she worked for ETS in Maryland and Missouri. (ECF No. 18 ¶ 5.) Plaintiff alleges that she is a resident of Indiana. (ECF No. 18 ¶ 2.) Plaintiff does not allege that she worked for ETS in Colorado. (*See generally* ECF No. 18.)

Defendant moves to dismiss Plaintiff's Wage Claim Act on the basis that she lacks standing to pursue the claim. (ECF No. 19 at 5-7.) The Wage Claim Act defines an employer as "every person, firm, partnership, association, corporation, . . . *in Colorado*, . . . employing any person *in Colorado*. . . ." Colo. Rev. Stat. Ann. § 8-4-101(5) (2014) (emphasis added). Further, the Colorado Minimum Wage Act states that "issues related to the wages of workers in Colorado have important statewide ramifications for the labor force *in this state*. The general assembly, therefore, declares that the minimum wages of workers *in this state* are a matter of statewide concern." Colo. Rev. Stat. Ann. § 8-6-101(2) (1999) (emphasis added). Thus, the Wage Claim Act applies only to workers *in Colorado*. Because Plaintiff did not work in and is not a resident of Colorado, Plaintiff has no standing to assert a claim under the Wage Claim Act. *See Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003) (holding that California's Equipment Dealers Act did not have extraterritorial application because the statute contains a limit on its geographical scope even if the parties stipulate that the law should apply); *see also Glass v. Kemper Corp.*, 133 F.3d 999, 1000 (7th Cir. 1998) (holding that the lower court's dismissal of the statutory claim was correct because the plaintiff was not protected by Illinois' Wage Payment and Collection Act because Plaintiff never resided or worked in

---

[1] Defendant does not argue, it merely "notes," that Plaintiff's Wage Claim Act claim asserts a violation of that statute but that that statute does not provide for the payment of minimum wages or overtime. (ECF No. 19 at 5 n.2.) Because Defendant does not make the *argument* that Plaintiff fails to state a claim under the Wage Claim Act based upon the statute's not providing for the payment of minimum wages or overtime, the Court does not make the *argument* for it. Further, as Defendant astutely notes, Plaintiff does cite to the Colorado Minimum Wage Act and its implementing regulation which provide for the payment of minimum wages. Thus, this case is distinguishable from *Young v. Dollar Tree Stores, Inc.*, Case No. 11-CV-1840-REB-MJW, 2012 WL 3704994, at *3 (D. Colo. Aug 24, 2012).

Illinois); *see also* S*mith v. Pizza Hut, Inc.*, Case No. 09-CV-01632-CMA-BNB, 2011 WL 2791331, at *8-10 (D. Colo. July 14, 2011) (holding that the plaintiff lacked standing to bring claims under state laws to which the plaintiff had never been subjected); *see also Mitchell v. Abercrombie & Fitch*, Case No. C2-04-306, 2005 WL 1159412, at *2-4 (S.D. Ohio May 17, 2005) (noting the constitutional reasons for why Ohio's wage and hour law does not apply to employees who work outside of the state).

The cases upon which Plaintiff relies are distinguishable.

First, Plaintiff's reliance on *Harlow v. Sprint Nextel Corp.*, 574 F. Supp. 2d 1224 (D.Kan. 2008) is misplaced because the Kansas Wage Payment Act, unlike Colorado's Wage Claim Act, does not have an express geographic restriction. *See*, *e.g.*, Kan. Stat. Ann. § 44-313 (2004) (defining "employer" and "employee"). Similarly, Plaintiff's reliance upon *Taylor v. E. Connection Operating, Inc.*, 988 N.E.2d 408, 411-14 (Mass. 2013) is misplaced because the Massachusetts's wage law at issue did not have a geographic limitation. *See*, *e.g.*, Mass. Gen. Laws. ch. 149, § 148B (2004).

Second, Plaintiff's reliance on *Synesiou v. Designtomarket, Inc.*, Case No. 01-5358, 2002 WL 501494, at *2-3 (E.D.Pa. April 3, 2002) (citation omitted) is misplaced because the Pennsylvania Supreme Court had previously found Pennsylvania's Wage Payment and Collection Law provided for a claim when an employment agreement required the use of Pennsylvania law and made Pennsylvania the exclusive forum for employer-employee disputes. In this matter, Plaintiff's Amended Complaint contains no allegations regarding a choice-of-law provision or a forum selection clause in the contract. (*See generally* ECF No. 18.) Plaintiff, in response to Defendant's motion to dismiss, states that the contract between she and ETS contained a choice of law provision in which it would be "interpreted and enforced under

Colorado law." (ECF No. 26 at 1-2.) Plaintiff, however, cannot amend her complaint by adding factual allegations in response to Defendant's motion to dismiss. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted); *Wilson v. Jenks*, Case No. 12-CV-02495-RM-KMT, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014).

Third, Plaintiff's reliance upon *Levinson v. Primedia, Inc.*, Case No. 02 Civ. 2222(DAB), 2007 WL 2298406 (S.D.N.Y. Aug. 9, 2007) is misplaced because the court found that precedent held that an agreement to apply a choice-of-law provision to a contract is tantamount to an agreement to apply that state's statutory law to all disputes. *Id*. at *12. Plaintiff provides the Court with no authority that Colorado employs a similar approach to a choice-of-law provision and statutory disputes. And the Court finds no support for such a position under Tenth Circuit or Colorado precedent. Similarly, Plaintiff's reliance upon *Schunkewitz v. Prudential Secs., Inc.*, Case No. 03-1181, 99 F. App'x 353 (3d Cir. 2004) (unpublished) is misplaced for the same reason as her reliance upon *Levinson*. *See id*. at 354.

Fourth, Plaintiff's reliance upon *Jesse v. Sphinx Systemhosue, Inc.*, Case No. 10 C 8037, 2011 5865491 (N.D. Ill. Nov. 17, 2011) is misplaced because the court found that the plaintiff may have been employed in the state in which he sought to enforce its minimum wage provision. *Id*. at *2. Here, Plaintiff concedes that she did not work in Colorado although she seeks to enforce its wage laws and regulations.

For these reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's Wage Claim Act claim in the Amended Complaint.

## IV. CONCLUSION

Based on the foregoing, the Court:

(1)  DENIES as MOOT Defendant's motion to dismiss Plaintiff's complaint (ECF No. 15);

(2)  GRANTS Defendant's motion to dismiss Plaintiff's Colorado Wage Claim Act and Breach of Contract claims in the First Amended Class Action Complaint (ECF No. 19);

(3)  GRANTS Defendant's motion for leave to provide supplemental authority in support of its motion to dismiss Plaintiff's Colorado Wage Claim Act and Breach of Contract claims in the First Amended Class Action Complaint (ECF No. 55); and

(4)  ORDERS that the matter will proceed only as to Claim Two in Plaintiff's First Amended Class Action Complaint (ECF No. 18 ¶¶ 24-29) which is an alleged FLSA violation.

DATED this 3rd day of February, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge