**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14–cv–00314–RM–NYW

DINA ABDULINA, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

EBERL'S TEMPORARY SERVICES, INC., a Colorado corporation,

    Defendant.

---

## ORDER

---

This matter is before the Court on Magistrate Judge Nina Y. Wang's Recommendation ("Recommendation") (ECF No. 73), Defendant Eberl's Temporary Services, Inc.'s ("ETS") objections to the Recommendation (ECF No. 74), and Plaintiff Dina Abdulina's ("Abdulina") objections to the Recommendation (ECF No. 75). Both the Recommendation and objections pertain to Plaintiff's motion for class certification of state law claims ("Motion for Class Certification") (ECF No. 43), Plaintiff's motion for conditional certification and court-authorized notice pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. ("Motion for Conditional Certification") (ECF No. 44), and Plaintiff's motion to toll the statute of limitations ("Motion to Toll") (ECF No. 67).

For the reasons stated below, the Court (1) ADOPTS, in part, the Recommendation; (2) MODIFIES, in part, the Recommendation; (3) SUSTAINS, in part, Defendant's objections to the Recommendation; (4) OVERRULES, in part, Defendant's objections to the Recommendation;

(5) SUSTAINS, in part, Plaintiff's objections to the Recommendation; and (6) OVERRULES, in part, Plaintiff's objections to the Recommendation.

## I.     LEGAL STANDARDS

### A.     Review of the Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection to a recommendation is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II.    BACKGROUND

### A.     Procedural Background

No party objects to the Magistrate Judge's recitation of the case's procedural history. Accordingly, the Court adopts and incorporates the procedural history included within the Recommendation as if set forth herein. (ECF No. 73 at 2-3.)

### B. Factual Background

No party objects to the Magistrate Judge's recitation of the case's factual history. Accordingly, the Court adopts and incorporates the factual history included within the Recommendation as if set forth herein. (ECF No. 73 at 3-5.)

## III. ANALYSIS

### A. Motions to Which No Objection Has Been Filed

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 73 at 17.) Despite this advisement, no objections to the Recommendation have to date been filed by either party with respect to the (1) Motion for Class Certification (ECF No. 43) and (2) Motion to Toll (ECF No. 67). (*See generally* Dkt.)

With respect to the Motion for Class Certification (ECF No. 43) and Motion to Toll (ECF No. 67), the Court concludes that Judge Wang's analysis was thorough and sound, and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers*, 927 F.2d at 1167. Therefore, the Recommendation, with respect to the Motion for Class Certification and Motion to Toll, is adopted.

### B. Motion for Conditional Certification

With respect to aspects of the Motion for Conditional Certification (ECF No. 44) to which no objection has been filed by either party, the Court concludes that Judge Wang's analysis was thorough and sound, and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court

need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers*, 927 F.2d at 1167. Therefore, the Recommendation, with respect to aspects of the Motion for Conditional Certification to which no objection has been filed by either party, is adopted.

        1.    <u>Defendant's Objections</u>

Defendant objects to the Recommendation with respect to the Motion for Conditional Certification "to the extent that the Recommendation fails to properly identify the class of individuals. . . ." (ECF No. 74.) Specifically, Defendant argues that the "Notice of Collective Action" ("Notice") (ECF No. 73 at 18-19) "should be limited to rope and harness assistants ('[G]rounds') who worked for ETS no more than three years before the Notice is sent, and up to and including March 1, 2014, when ETS" began using a new Grounds agreement which is distinct from the contract which gave rise to this matter. (ECF No. 74 at 2.) Further, Defendant "objects to providing the names of any [G]rounds from the relevant time period who signed contracts with valid arbitration provisions that resulted in a waiver of their right to participate in a collective action." (ECF No. 74 at 2.) Additionally, Defendant objects to the Recommendation "to the extent that it concludes that a third[-]party administrator is not required." (ECF No. 74 at 3.) And finally, Defendant objects to the Recommendation "to the extent that it does not provide sufficient guidance regarding how and when the information necessary to facilitate sending of the Notice should be provided by ETS to Plaintiff or the precise information to be provided to Plaintiff." (ECF No. 74 at 3.)

a.   *Class Period Clarification*

The Court sustains Defendant's objection that the Notice included in the Recommendation is not accurate with respect to the beginning or end date for the relevant class or Notice. (ECF No. 74 at 4.) Plaintiff asserts that the collective class is composed of Grounds

> who worked for Defendant over the last three years and who (1) participated in Defendant's Per Diem program resulting in weekly wages below the federal minimum wage and/or (2) worked more than 40 hours during any workweek and did not receive time and one-half of his or her regular rate of pay to the collective action provisions of the [FLSA].

(ECF No. 46 at 2.)

Pursuant to the FLSA, 29 U.S.C. § 255, a cause of action must be commenced within two years after the cause of action accrued except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. The statute of limitations for an opt-in plaintiff in an FLSA Section 216(b) collective action is not tolled with the commencement of the action. Rather, the statute of limitations continues to run on each Ground's claim until he/she files a consent to join form with the Court. 29 U.S.C. § 256. Therefore, the Court limits, for the purpose of providing notice, Defendant's obligation to provide the names and mailing addresses of those Grounds who worked three years before the Court issues this Order with its approved form of notice.

Further, the end date for the class period is and includes March 1, 2014. Those individuals in the proposed class were subject to the "Per Diem program." (ECF No. 46 at 2.) With uncontroverted evidence, Defendant avers that it stopped the Per Diem program effective March 2, 2014. (ECF No. 62-1, Wilson Decl. ¶ 24; ECF No. 62-2, Abdulina Agreement ¶¶ 4, 4(d).) This makes those individuals who were not subject to the Per Diem program not subject

the "single decision, policy, or plan" necessary to constitute a purportedly appropriate class. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (citation omitted).

Therefore, the Court MODIFIES the Notice as defined herein. The beginning date for Notice is the date of this Order. The end date for Notice is through March 1, 2014.

b.    *Grounds Who Signed an Arbitration Agreement*

The Court overrules Defendant's objection that the Notice should not be sent to Grounds who executed a contract with an arbitration provision. (ECF No. 74 at 9.) The Court agrees that these Grounds who executed an arbitration agreement may not be appropriate class members but that argument is appropriately raised at the second stage of the certification analysis. S*ee Thiessen*, 267 F.3d at 1103 (holding that the Court should wait until the "second stage" of analysis to consider "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations. . . .")

c.    *Third-Party Administrator*

The Court overrules Defendant's objection that a third-party administrator be used to facilitate the FLSA notice process. (ECF No. 74 at 11-12.) The Court agrees with the Recommendation that the record does not support the need for a third-party administrator. The Court does not find Defendant's argument persuasive that its employees "have never consented to have their names, contact information[,] or other personal information shared by ETS with others." (ECF No. 74 at 12.) Specifically, regardless of whether a third-party administrator or Plaintiff mails notice, Defendant will have to share its employees' information "with others." Defendant's citations to cases (ECF No. 74 at 13) in which a "customer list" is considered confidential information is inapposite to its employee list.

       d.  *Transmittal of Notice and Sharing of Information*

The Court sustains, in part, and overrules, in part, Defendant's objection as to how the Notice will be transmitted to the collective class.

The Court sustains Defendant's objection, in part, and orders that the Notice be transmitted via United States Postal Service first-class mail.

The Court sustains Defendant's objection, in part, and orders that Defendant, within thirty (30) days of this Order's entry, provide Plaintiff with the names and mailing addresses of the Grounds as defined in the Notice.

The Court overrules Defendant's objection, in part, and orders that Defendant provide Plaintiff with the names and mailing addresses of the Grounds as defined in the Notice.

  2.  <u>Plaintiff's Objections</u>

Plaintiff objects to the Recommendation with respect to the Motion for Conditional Certification (ECF No. 44) as to the timing as well as the mode and method of permitted contact. (ECF No. 75 at 1-3.)[1]

The Court overrules Plaintiff's objection, in part, and orders that Defendant, within thirty (30) days of this Order's entry provide Plaintiff only with the names and mailing addresses of the Grounds as defined in the Notice.

The Court sustains Plaintiff's objection, in part, and orders that Plaintiff, within seventy-five (75) days of this Order's entry file any signed consent to join forms.

---

[1] Defendant argues that Plaintiff failed to file her objections timely and, therefore, moves to strike Plaintiff's objections in their entirety. (ECF No. 76 at 2 n.1.) Defendant's undeveloped and perfunctory argument is waived. *See United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002).

The Court overrules Plaintiff's objection, in part, and orders that Plaintiff may not disseminate notice and consent forms via e-mail, telephone, nor may Plaintiff contact the putative class members via telephone prior to mailing the notice and consent forms.

## IV. CONCLUSION

Based on the foregoing, the Court:

(1) ADOPTS, in part, and MODIFIES[2], in part, the Recommendation (ECF No. 73), to wit the Court:

    (i) DENIES as MOOT Plaintiff's Motion for Class Certification (ECF No. 43);

    (ii) GRANTS Plaintiff's Motion for Conditional Certification (ECF No. 44) and APPROVES Plaintiff's Proposed Notice of Collective Action subject to the amendments as reflected in the Notice of Collective Action attached below;

    (iii) DENIES Plaintiff's Motion to Toll (ECF No. 67);

(2) SUSTAINS, in part, and OVERRULES, in part, Defendant's objections (ECF No. 74) to the Recommendation, to wit the Court:

    (i) DEFINES the Notice of Collective Action period as the date of this Order's entry through March 1, 2014;

    (ii) ORDERS that Defendant, by and including September 3, 2015, shall provide Plaintiff with the names and mailing addresses of those Grounds as defined in the Notice of Collective Action;

---

[2] The Recommended Notice of Collective Action (ECF No. 73 at 18-19) states that an individual is to "submit the attached Notice of Consent." (ECF No. 73 at 18.) There is no "Notice of Consent" attached to the Recommendation. (*See generally* ECF No. 73.) No party filed an objection to this aspect of the Recommendation. (*See generally* Dkt.) The Court has reviewed the Court's docket and determined that Plaintiff submitted a proposed Consent to Become a Party Plaintiff. (ECF No. 47 at 5-6.) The Court has modified this document to reflect the Court's Order.

    (iii)  DENIES Defendant's request for a third-party administrator for the Notice of Collective Action;

    (iv)  ORDERS Plaintiff to distribute the Notice of Collective Action via United States Postal Service first-class mail;

  (3)  SUSTAINS, in part, and OVERRULES, in part, Plaintiff's objections (ECF No. 75) to the Recommendation, to wit the Court:

    (i)  DENIES Plaintiff's request that Defendant provide Plaintiff with the telephone number and e-mail address for each putative class member within fourteen (14) days of this Order's entry;

    (ii)  DENIES Plaintiff's request that she be allowed to disseminate Notice and consent forms via e-mail;

    (iii)  ORDERS Plaintiff to file any consent to join forms by October 19, 2015; and

    (iv)  DENIES Plaintiff's request that she be allowed to contact the putative class members via telephone prior to mailing the notice and consent forms.

  DATED this 4th day of August, 2015.

                BY THE COURT:

                _____
                RAYMOND P. MOORE
                United States District Judge

**ATTACHMENT – NOTICE OF COLLECTIVE ACTION**

**NOTICE OF COLLECTIVE ACTION TO**
**CURRENT AND FORMER ROPE AND HARNESS ASSISTANTS a/k/a "GROUNDS"**
**EMPLOYED BY EBERL'S TEMPORARY SERVICES INC.**

TO: Rope and Harness Assistants a/k/a "Grounds" employed by Eberl's Temporary Services, Inc.

**1. Why Am I Getting This Notice?**

The U.S. District Court for Colorado has authorized this notice to be distributed to all Rope and Harness Assistants who currently work or have worked for Eberl's Temporary Services, Inc. (hereafter referred to as "Eberl's"). The period covered by this claim is any time from August 4, 2012, through March 1, 2014. A lawsuit is pending in the U.S. District Court. You have a right to join in this lawsuit if you choose.

**2. What Is This Lawsuit About?**

Dina Abdulina, the person who brought the lawsuit (the plaintiff) claims that Eberl's permitted and required Grounds to work more than 40 hours per week resulting in unpaid overtime. The plaintiff also alleges that Eberl's failed to pay minimum wage to Grounds in weeks in which the Grounds were paid under the per diem option.

Eberl's denies plaintiff's allegations or that plaintiff or any of the other Grounds is entitled to the relief sought. The Court, however, has taken no position on who is right or wrong in this Lawsuit.

**3. What Are My Options?**
You can either (1) make a claim for additional overtime wages by joining in this existing lawsuit, or (2) do nothing. To join this lawsuit, submit the attached Notice of Consent. If you submit a Notice of Consent, you will be part of the case.

**4. What Does it Mean If I Join:**

If you choose to join this Lawsuit, you will be bound by the judgment of the Court on all issues in this Lawsuit, whether favorable or unfavorable to you. The Class Members who join the lawsuit designate the named plaintiff, Ms. Abdulina, as their agent to make decisions in the case about the courts of the litigation, and subject to approval by the court, settlement.

If you choose to join this lawsuit, you may be required to respond to written requests for information and you may be required to produce documents for use in the lawsuit. You may be required to provide sworn testimony under oath at depositions, hearings, or trial, and you may be required to travel to Denver, Colorado to do so.

To make a claim for additional wages in this case, your Notice of Consent must be postmarked by 60 days after the Court's ruling on conditional certification.

If you elect not to join in this lawsuit, do nothing and you will not be part of this case. If you do nothing, you will not be affected by any judgment, whether favorable or unfavorable. You will also not receive any money from this case, even if the plaintiff wins.

**5.     Do I Need A Lawyer?**

If you choose to join the lawsuit, you may (1) represent yourself, (2) hire a lawyer of your choice, at your expense, or (3) hire The Ross Law Firm, Ross Law Group, 1104 San Antonio Street, Austin, TX 78701.   You can get more information by calling the plaintiff's attorneys. The plaintiff's attorney is Charles Scalise. He can be reached at 512-474-7677 or 1-800-634-8042.

The Ross Law Firm will provide representation on a contingent fee basis, which means that your attorneys' fees and court costs will be paid from amounts collected by settlement or judgment and will be subject to approval by the court.

**6.     Can Anyone Retaliate Against Me?**

It is a violation of federal law for anyone, including anyone at Eberl's, to retaliate against you for filing a claim to recover wages potentially owed to you or for declining to do so.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-00314-RM-NYW

DINA ABDULINA, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

EBERL'S TEMPORARY SERVICES, INC., a Colorado corporation,

    Defendant.

_____

**CONSENT TO BECOME A PARTY PLAINTIFF**
_____

    By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiff and designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    _____

SIGNATURE                                     DATE

_____

(Print Name)

PLEASE RETURN THIS FORM IN TIME FOR FILING WITH THE COURT. PLEASE RETURN THIS FORM TO THE INDIVIDUAL LISTED ON THE NEXT PAGE:

Charles Scalise

ROSS LAW GROUP

1104 San Antonio Street

Austin, TX 78701

(512) 474-7677 or 1-800-634-8042

Counsel for Plaintiff

Please provide the additional information requested below:

_____

Name

_____

_____

Address

_____

Telephone Number

_____

Alternate Telephone Number